IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES EX REL. FRANK M. REMBERT and MICHAEL PARADISE, | § § § § | |
| Relators, | § § | |
| v. | § § | Civil Action No. _ |
| BOZEMAN HEALTH DEACONESS HOSPITAL d/b/a BOZEMAN DEACONESS HEALTH SERVICES d/b/a BOZEMAN HEALTH, and DEACONESS-INTERCITY IMAGING, LLC d/b/a ADVANCED MEDICAL IMAGING, | § § § § § § § § | |
| Defendants. | § § | |

## MOTION OF BOZEMAN HEALTH DEACONESS HOSPITAL TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

Relators Frank M. Rembert and Michael R. Paradise, Plaintiffs in *United States ex. rel. Rembert v. Bozeman Health Deaconess Hospital, et al.*, case number CV-15-80-BU-SEH in the United States District Court for the District of Montana (the "Underlying Matter"), served a document subpoena and a subpoena for a Rule 30(b)(6) deposition on Value Management Group, LLC ("VMG"). Both subpoenas command compliance in Dallas.

Bozeman Health Deaconess Hospital, ("BDH") a defendant in the Underlying Matter, files this Motion to Quash and for a Protective Order under Federal Rules of Civil Procedure 26(A) and 45(d) because both subpoenas seek information that is protected by BDH's attorney-client privilege and the attorney work product protection.

### BACKGROUND

In January 2014, the law firm Drinker, Biddle, and Reath LLP ("Drinker Biddle") engaged VMG to assist it with providing legal advice to Drinker Biddle's client BDH. *See*

Appendix A and A-1 (Sullivan Decl. ¶2, Ex.1); Appendix B (Lewis Decl. ¶¶2-3). The terms of the engagement specified that VMG's work product was to be "Attorney Work Product" and would be provided to Drinker Biddle. *See* Appendix A-1 at 1 & 5. Pursuant to that engagement, VMG communicated with employees of BDH and Deaconess-Intercity Imaging, LLC (an entity majority-owned by BDH) for the purpose of gathering information necessary for VMG to assist Drinker Biddle. Lewis Decl. ¶3.

On or around October 2, 2017, Relators served a subpoena duces tecum on VMG, which issued from the United States District Court for the District of Montana ("Document Subpoena"). *See* Appendix C. Although the Document Subpoena does not, on its face, seek documents related to the 2014 Engagement, Relators subsequently took the position that such documents are responsive and should be produced.

Relators subsequently served a deposition subpoena on VMG, also issued from the District of Montana, that commands a corporate representative of VMG to appear for deposition in Dallas on March 2, 2018 ("Deposition Subpoena"). *See* Appendix D. Exhibit A to that subpoena, the list of topics for deposition, includes numerous topics related to the 2014 Engagement. For example, the Deposition Subpoena demands testimony regarding: (1) "Any and all communications between representatives or agents of VMG and any representatives or agents [of] BDH related to any analysis conducted by VMG in 2014 related to AMI" (*id.*, Exhibit A §1(d)); and (2) "The substance of the reports prepared by VMG related to AMI, including, but not limited to, any draft or final reports prepared in . . . 2014" (*id.*, Exhibit A §4).

## ARGUMENT

Because documents and testimony regarding the 2014 Engagement are protected by BDH's attorney client privilege and the work product doctrine, they should be shielded from

the Relators' subpoenas. By rule, a court must quash or modify a subpoena that "requires disclosure of a privileged or protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A). Here, the Deposition Subpoena specifically seeks testimony about the 2014 Engagement, and Relators have taken the position that the Document Subpoena requires production of documents related to that engagement.

The 2014 Engagement of VMG by Drinker Biddle was by counsel for the purposes of assisting counsel with providing legal advice to BDH, and it is therefore subject to BDH's privilege, a privilege that has not been waived. *See* Sullivan Dec. ¶2; Lewis Dec. ¶3. As a result, testimony and documents about the 2014 Engagement, including correspondence among VMG and employees of BDH or Deaconess-Intercity Imaging, LLC for the purpose of gathering information necessary for that engagement, are fully protected by the attorney client privilege and constitute attorney work product. *See United States v. Pipkins*, 528 F.2d 559, 562 (5th Cir. 1976) ("In appropriate circumstances the privilege may bar disclosures made by a client to non-lawyers who . . . had been employed as agents of an attorney.") (citing *United States v. Kovel*, 296 F.2d 918, 921 (2d Cir. 1961)); *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) ("The attorney-client privilege may extend to communications with third parties who have been engaged to assist the attorney in providing legal advice."); *see also* Texas R. Evid. 503(b)(1)(B) (privilege extends to communications "between the client's lawyer and the lawyer's representative").

## CONCLUSION

For the foregoing reasons, BDH respectfully requests that the Document Subpoena and Deposition Subpoena be quashed or modified to exclude materials and testimony related to the 2014 Engagement, and a protective order entered to that effect.

Dated:  January 25, 2018            Respectfully submitted,

*/s/ Kelly D. Hine*
Kelly D. Hine
Texas Bar No. 24002290
KHine@perkinscoie.com
David B. Robbins (*pro hac vice application forthcoming*)
Washington State Bar No. 13628
DRobbins@perkinscoie.com
**PERKINS COIE LLP**
500 N. Akard Street, Suite 3300
Dallas, Texas 75201-3347
Telephone:  214-965-7700
Facsimile:  214-965-7799

Ian McIntosh (*pro hac vice application forthcoming*)
Montana State Bar No. 4384
imcintosh@crowleyfleck.com
**CROWLEY FLECK PLLP**
1915 South 19th Avenue
P.O. Box 10969
Bozeman, MT 59719-0969
Telephone: (406) 556-1430
Facsimile: (406) 556-1433

ATTORNEYS FOR DEFENDANT
BOZEMAN HEALTH DEACONESS
HOSPITAL

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(a), on January 24, 2018, counsel for Movant Bozeman Health Deaconess Hospital conferred with Benjamin J. Alke, counsel for Relators, regarding the merits of the foregoing motion. Counsel for Relators indicated that he is opposed to the relief sought herein.

/s/ *Kelly D. Hine*
Kelly D. Hine