IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel. FRANK M. REMBERT, et al., | § § § | |
| Relators, | § § | |
| V. | § § | No. 3:18-mc-5-D-BN |
| BOZEMAN HEALTH DEACONESS HOSPITAL, et al., | § § § § | |
| Defendants. | § § | |

# **MEMORANDUM OPINION AND ORDER TRANSFERRING MOTIONS**

Defendant Bozeman Health Deaconess Hospital ("BDH") has filed a Motion to Quash Subpoena and for Protective Order [Dkt. No. 1 (the "Motion to Quash")] under Federal Rules of Civil Procedure 26(c) and 45(d), directed at a document subpoena and a subpoena for a Federal Rule of Civil Procedure 30(b)(6) deposition (the "Subpoenas") that Relators Frank M. Rembert and Michael R. Paradise, the relators in *United States ex. rel. Rembert v. Bozeman Health Deaconess Hospital, et al.*, No. CV-15-80-BU-SEH (the "Underlying Matter"), in the United States District Court for the District of Montana, served on Non-Party Value Management Group, LLC ("VMG"). BDH seeks an order quashing or modifying the Subpoenas and entering a protective order "because [the Subpoenas] seek information that is protected by BDH's attorney-client privilege and the attorney work product protection." Dkt. No. 1 at 1.

Relators, in turn, filed a Rule 45(f) Motion to Transfer Consideration of Subpoena-related Motions [Dkt. No. 9 (the "Motion to Transfer")] under Federal Rule

-1-

of Civil Procedure 45(f) and a Rule 45(d)(2)(B)(i) Cross-Motion to Compel Compliance with Subpoena *Duces Tecum* [Dkt No. 11 (the "Cross-MTC")] under Federal Rule of Civil Procedure 45(d)(2)(B)(i).

United States District Sidney A. Fitzwater has referred the Motion to Quash, the Motion to Transfer, and the Cross-MTC to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b)(1)(A). *See* Dkt. Nos. 4 & 14.

Relators oppose the Motion to Quash, *see* Dkt. No. 12; BDH opposes the Motion to Transfer, *see* Dkt. No. 19, and the Cross-MTC, *see* Dkt. No. 20; and BDH and Relators have filed replies in support of their motions, *see* Dkt. Nos. 20, 21, & 22.

**Background**

In their Motion to Transfer, Relators request an order under Rule 45(f) transferring the subpoena-related Motion to Quash and Cross-MTC to the United States District Court for the District of Montana, as the issuing court, for decision in connection with the Underlying Matter. *See* Dkt. No. 9 at 1-2.

Relators report that "[t]he subpoena recipient in this case, [VMG], has not responded to Relators' inquiries to indicate whether it consents to transfer" but note that "[t]ransfer may nonetheless be appropriate, without VMG's consent, if exceptional circumstances exist." Dkt. No. 10 at 1. Relators explain that, "in this case, it is not the subpoenaed party that has objected or claimed a right in the documents being withheld"; that "[t]he only objection to VMG's full compliance with [the Subpoenas] was raised by Defendant [BDH], which is already participating in the" Underlying Matter

in Montana"; and that "[t]he subpoenaed party has not objected and has not responded to Relators' inquiries about whether it would oppose transfer" and "[b]y all indications, ... has no dog in this fight so transfer would cause it no inconvenience." *Id.* at 2.

And, Relators assert,

> [t]ransfer is also appropriate because, aside from the threshold waiver issue, Defendant BDH's motion raises issues that may overlap with matters that will necessarily be decided in Montana.
> 
> For example, BDH claims a privilege over documents generated by VMG in 2014 – almost two years before the underlying suit was filed – that have been shared with non- party InterCity Radiology, P.C. ("ICR"). Defendants have claimed that they share a common interest with ICR that permits them to withhold communications about the subject matter of this dispute dating back as early as 2005. *See* Cause No. CV 15-80-BU-SHE (Doc. 163) (addressing Defendants' argument regarding a common interest/joint defense privilege). On January 20, shortly before filing its motion here in Texas, BDH issued a privilege claw-back notice seeking to recover from Relators hundreds of pages of 2014 communications with and about VMG that were previously produced in discovery. The clawed-back documents included not only documents produced by BDH itself but also documents produced by non- party ICR in response to another Rule 45 subpoena. Relators were forced to respond with a Rule 26(b)(5)(B) motion for determination of privilege which is currently pending in the underlying case. *See* Cause No. CV 15-80-BU-SHE (Doc. 159).
> 
> To the extent resolution of the parties' cross- motions in this matter depends on findings about whether Defendants share a common interest/joint defense privilege with ICR, those issues are already pending in Montana and are really part of a larger dispute between Relators and Defendant BDH, so Rule 45(f) transfer is appropriate.

*Id.* at 2-3. Relators further explain in their briefing on the Motion to Quash and the Cross-MTC that, "[s]hortly before filing [BDH's Motion to Quash], Defendants issued a Rule 26(b)(5)(B) claw-back notice seeking the return of numerous documents related to the 2014 valuation"; that "[m]ost of those documents were produced by Defendants, but some were produced by non-party ICR"; that "Relators prepared a log of the

-3-

documents Defendants seek to claw-back"; but that "Relators cannot present those documents to this Court." Dkt. No. 12 at 20 (citing Dkt. No. 13, Ex. 23, App. 213-222).

BDH opposes transfer, arguing that "Relators have not met their burden of showing the exceptional circumstances necessary to warrant such a transfer." Dkt. No. 19 at 1. BDH contends that, while transfer may be warranted to avoid disrupting the issuing court's management of the underlying litigation," the Court should look for two such situations: (1) when the issuing court "has already ruled on issues presented by the motion," and (2) when "the same issues are likely to arise in discovery in many districts." *Id.* at 2. According to BDH, "Relators do not and cannot contend that the issuing court has 'already ruled on issues presented by the motion' because it has not," and Relators cannot "contend that the same issues are likely to arise 'in many districts'" and, instead, "omit the phrase 'in many districts' from their discussion, incorrectly suggesting that the test is simply whether 'the same issues are likely to arise in discovery.'" *Id.* (quoting Dkt. No. 10 at 1-2). BDH argues that, "[h]aving misapplied the relevant test, Relators' argument, that the cross-motions raise issues that 'may' overlap with matters that will be decided in one other district (the issuing court), is inapt" and that, "[i]n failing to show that either of the circumstances identified by the Advisory Committee as potentially disrupting the Montana Court's management of the underlying litigation are present here, Relators have failed to meet their burden of showing exceptional circumstances." *Id.* at 3 (quoting Dkt. No. 10 at 2-3).

BDH also contends that "Relators' argument incorrectly assumes – contrary to the Advisory Committee Notes – that the issuing court is in a superior position to decide the motions, and Relators' assertion that transfer 'would cause [VMG] no inconvenience' (Doc. 10 at 2) is implausible speculation unsupported by evidence" because "[a] Texas company would obviously be inconvenienced by having to defend a motion in Montana." *Id.*

Relators reply that "[t]he local subpoena recipient, VMG, has not appeared or indicated it opposes transfer to BDH's home jurisdiction where the underlying dispute is pending" but that "Relators agree with BDH's distillation of the three guiding principles the Court should consider: (1) avoiding burdens on local non-parties; (2) ascertaining, and not 'assuming,' the issuing court is in a better position to decide the issue; and (3) avoiding disruption of the underlying litigation." Dkt. No. 22 at 1 (quoting Dkt. No. 19 at 2).

According to Relators, "[w]ith respect to the goal of not placing an unnecessary burden on VMG, there is no such burden because this dispute is about BDH's objection and VMG has declined to participate." *Id.* at 2 (emphasis omitted). Relators note that, "[f]ollowing Relators' unanswered inquiries about whether VMG would oppose transfer, *see* Doc. 9, p. 3 (Relators' Certificate of Conference), Relators provided VMG with formal notice of this proceeding and the issues at stake pursuant to this Court's February 23, 2018 order" and that "VMG has not appeared and has never indicated it has any interest in the resolution of this dispute, let alone an interest in 'obtaining

local resolution,' such that transfer might cause it hardship or inconvenience." Dkt. No. 22 at 2 (citing Dkt. Nos. 15 & 16).

Finally, Relators reply that,

> [w]ith respect to which court is in a better position to decide these issues and whether a decision by this Court might disrupt the underlying case, Relators contend these principles favor transfer only if this Court concludes that the motions must be decided on the merits of BDH's privilege claim. If the Court believes BDH's objection is timely and that BDH has carried its initial burden to substantiate the claimed privilege, then the resolution of this dispute may turn on complex "common interest" doctrine issues already pending in Montana and a factual record that is not fully before this Court. As explained in Relators' opening brief in support of their Cross-Motion (Doc. 12, p. 9), BDH clawed back documents relevant to this analysis by invoking Rule 26(b)(5)(B) in Montana immediately prior to initiating this proceeding in Texas. Those documents remain under seal in Montana pending *in camera* review. That court is therefore in a better position to evaluate the substantive privilege claim and, conversely, a decision by this Court on the merits of BDH's privilege claim based on a partial record may disrupt the underlying litigation.
> 
>   To the extent this Court can resolve the motions without deciding these fact-dependent issues that are already before the court in Montana – i.e. if it finds a waiver or that BDH has not carried its initial burden to prove the claimed privilege – then Relators agree that transfer is unnecessary. Indeed, that may be a more efficient use of judicial resources to avoid transferring the motions to Montana and then potentially transferring that court's order back to this one for enforcement.

*Id.* at 2-3 (emphasis and footnote omitted).

And, "[a]s for BDH's emphasis on the words 'in many districts' in the comments to Rule 45," Relators observe that "Defendants have employed similar theories in this case to prevent disclosure of documents held by non-parties in California, Utah, and Virginia (so far) as well as Texas and Montana" and that "[t]hese issues are likely to arise 'in many districts.'" *Id.* at 3 n.1.

-6-

## Legal Standards and Analysis

The Subpoena was properly issued by the United States District Court for the District of Montana under Federal Rule of Civil Procedure 45(a), as the court where the Underlying Matter is pending. *See* FED. R. CIV. P. 45(a)(2) ("Issuing Court. A subpoena must issue from the court where the action is pending.").

The Subpoenas command VMG to produce "documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material" at a location in Dallas, Texas and to cause a corporate representative of VMG to appear for a deposition at a location in Dallas, Texas. *See* Dkt. No. 1-1. Because the Subpoenas require compliance in Dallas, the Motion to Quash and Cross-MTC are properly filed in this Court, which, as required by Rule 45(d), is the court in the district where compliance with the Subpoenas is required. *See* FED. R. CIV. P. 45(d)(2)(B), 45(d)(3)(A); *accord CSS, Inc. v. Herrington*, No. 3:17-mc-71-N-BN, 2017 WL 4750707 (N.D. Tex. Oct. 20, 2017).

> Federal Rule of Civil Procedure 45(f) provides:
>
> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

FED. R. CIV. P. 45(f). Where the person subject to a subpoena consents to transfer, a party seeking transfer need not show – and the Court need not find – extraordinary

circumstances under Rule 45(f). *See* FED. R. CIV. P. 45(f); FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments); *Epistar Corp. v. Lowe's Cos., Inc.*, No. 3:17-mc-107-D-BN, 2017 WL 6729547, at *3 (N.D. Tex. Dec. 29, 2017). But, if the person subject to the subpoena does not consent to transfer, the Court may only transfer a Rule 45 motion to the issuing court if exceptional circumstances exist. *See Orix*, 2016 WL 3926507, at *2.

As a general matter, "the proponent of transfer bears the burden of showing that such circumstances are present." FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments). But "Rule 45(f) does not require that a motion to transfer be filed, and the Court may *sua sponte* order transfer where appropriate." *Orix USA Corp. v. Armentrout*, No. 3:16-mc-63-N-BN, 2016 WL 3926507, at *2 (N.D. Tex. July 21, 2016).

The Advisory Committee Notes provide the following guidance as to when transfer of a subpoena-related motion is appropriate:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments). "In determining whether 'exceptional circumstances' exist, courts consider several factors, including the complexity, procedural posture, duration of pendency, and the nature of the issues

-8-

pending before, or already resolved by, the issuing court in the underlying litigation." *Orix*, 2016 WL 3926507, at *5 (internal quotation marks omitted).

After considering all the arguments for and against finding exceptional circumstances justifying transfer, the Court is convinced that Relators have met their burden of showing that transfer of the Motion to Quash and Cross-MTC under Rule 45(f) is appropriate here based on exceptional circumstances.

The Court cannot agree with BDH's narrow view of the circumstances in which transfer is warranted to avoid disrupting the issuing court's management of the underlying litigation. The Advisory Committee Notes list scenarios in which the issuing court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts as two, non-exclusive examples.

Other appropriate circumstances under Rule 45(f) include certain situations in which the same or related issues are pending before the issuing court in the underlying litigation. Here, the issuing court in Montana has before it, on a fuller factual record, a motion that raises fact-intensive privilege issues that overlap with issues that a court may be required to reach in resolving the Motion to Quash and Cross-MTC. This Court need not take on those issues at the same time that a judge in the Underlying Matter is set to address the same matters and is, for the reasons that Relators have explained, "in a superior position to resolve [these particular] subpoena-related motions." FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments). And, in the interests of judicial economy and avoiding possible piecemeal decisions on these motions (across two districts), the Court will not, as Relators suggest it might, preemptively decide –

or assume that it would decide – the threshold waiver and other issues as to the Motion to Quash and Cross-MTC in a particular way in deciding the threshold issue of whether to transfer these subpoena-related motions to the issuing court.

Further, "[t]his is not a case of a local non-party wanting its subpoena-related motion resolved in its home district." *Buc-ee's, Ltd. v. Shepherd Retail, Inc.*, No. 3:17-mc-1-N-BN, 2017 WL 86143, at *2 (N.D. Tex. Jan. 10, 2017). The Motion to Quash and Cross-MTC are fully briefed, and BDH – a defendant in the Underlying Matter – alone is challenging the discovery commanded by the Subpoenas. As for any possible involvement by VMG in any hearing on these motions in Montana, the Advisory Committee Notes explain that, "[i]f the motion is transferred, judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties, if it is necessary for attorneys admitted in the court where the motion is made to appear in the court in which the action is pending" and that "[t]he rule provides that if these attorneys are authorized to practice in the court where the motion is made, they may file papers and appear in the court in which the action is pending in relation to the motion as officers of that court." FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments).

The Court is presented here with exceptional circumstances in which transfer is warranted to avoid disrupting the issuing court's management of the Underlying Matter in the manner explained above and in which that interest outweighs whatever interests that VMG and BDH may have in resolving the Motion to Quash and Cross-MTC in this district. As Rule 45(f) provides, if the issuing court's decisions on these

motions results in an order requiring enforcement of the Subpoenas as to VMG in this district, the issuing court can then transfer its order to this Court. *See* FED. R. CIV. P. 45(f); FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments) ("If the court orders further discovery, it is possible that retransfer may be important to enforce the order. One consequence of failure to obey such an order is contempt, addressed in Rule 45(g). Rule 45(g) and Rule 37(b)(1) are both amended to provide that disobedience of an order enforcing a subpoena after transfer is contempt of the issuing court and the court where compliance is required under Rule 45(c). In some instances, however, there may be a question about where the issuing court can impose contempt sanctions on a distant nonparty. If such circumstances arise, or if it is better to supervise compliance in the court where compliance is required, the rule provides authority for retransfer for enforcement. Although changed circumstances may prompt a modification of such an order, it is not expected that the compliance court will reexamine the resolution of the underlying motion.").

**Conclusion**

For the reasons explained above, the Court GRANTS Relators' Rule 45(f) Motion to Transfer Consideration of Subpoena-related Motions [Dkt. No. 9].

The Court ORDERS that Defendant Bozeman Health Deaconess Hospital's Motion to Quash Subpoena and for Protective Order [Dkt. No. 1] and Relators' Rule 45(d)(2)(B)(i) Cross-Motion to Compel Compliance with Subpoena *Duces Tecum* [Dkt No. 11] are transferred and remitted to the United States District Court of the District of Montana under Federal Rule of Civil Procedure 45(f) for determination in connection

with the underlying litigation, *United States ex. rel. Rembert v. Bozeman Health Deaconess Hospital, et al.*, No. CV-15-80-BU-SEH (D. Mont.).

SO ORDERED.

DATED: March 1, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE